IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SERAFIN ALEGRIA-ZAMORA,**<br><br>             **Plaintiff,**<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.,**<br><br>             **Defendants.** | Case No. 18-2102-DDC-GLR |

**MEMORANDUM AND ORDER DENYING MOTION FOR**
**<u>TEMPORARY RESTRAINING ORDER</u>**

Plaintiff Serafin Alegria-Zamora seeks a temporary restraining order enjoining defendants from removing him from the United States. Doc. 3. Mr. Alegria-Zamora asserts that he has applied for a U visa and that defendants have failed to comply with their legal duty to allow plaintiff to seek a stay or deferred action on his removal based on a prima facie assessment of his U visa application. For reasons explained below, the court denies Mr. Alegria-Zamora's motion.

**I.      Factual Background**

On April 25, 2017, the government charged Mr. Alegria-Zamora in the District of Kansas with illegal re-entry to the United States and misuse of a social security number. *United States v. Serafin Alegria-Zamora*, No. 17-cr-10064-JTM (D. Kan. Apr. 25, 2017), ECF 1. He was arrested on April 28, 2018, and ordered detained in the United States Marshal's custody. *United States v. Serafin Alegria-Zamora*, No. 17-cr-10064-JTM (D. Kan. Apr. 28, 2017), ECF 5, 7. Mr. Alegria-Zamora pleaded guilty to certain crimes charged in the Indictment, and on January 10, 2018, the court sentenced Mr. Alegria-Zamora to time served and remanded him to the United

1

States Marshal's custody.  *United States v. Serafin Alegria-Zamora*, No. 17-cr-10064-JTM (D. Kan. Jan. 11, 2018), ECF 24.  Afterwards, Mr. Alegria-Zamora was ordered removed from the United States.

On December 12, 2017, plaintiff filed an application for a U visa.  It is currently pending.  A U visa is intended for immigrant crime victims who cooperate with law enforcement in the investigation or prosecution of a crime.  8 U.S.C. § 1101(a)(15)(U).  Plaintiff's application is based on the qualifying crime of stalking because, he asserts, that he is the victim of harassment and stalking by a woman named Evelia Puentes.  Plaintiff requested that Immigration and Customs Enforcement ("ICE") stay his deportation pending adjudication of his U visa application.  ICE denied that request.  On March 2, 2018, ICE began its removal of plaintiff from the United States by placing him on a plane bound for Brownsville, Texas.  When that plane lands, the government intends to release Mr. Alegria-Zamora at the border.  Only several hours before plaintiff boarded that airplane, he filed this lawsuit and his motion for temporary restraining order.

## II.     Legal Standard

Federal Rule of Civil Procedure 65(b)(1) authorizes the court to issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  When addressing a motion for temporary restraining order, the court follows the same procedure as it does for deciding a motion for preliminary injunction.  *Sac and Fox Nation of Mo. v. LaFaver*, 905 F. Supp. 904, 907 (D. Kan. 1995).  The moving party must

establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winters v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "The issuance of a temporary restraining order or other preliminary injunctive relief is within the sound discretion of the district court." *Sac and Fox Nation*, 905 F. Supp. at 906.

### III. Discussion

Plaintiff's motion for temporary restraining order, in effect, asks this court to review a removal order. The court lacks jurisdiction to do so. *See* 8 U.S.C. 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter."). So, the court concludes, plaintiff's motion for temporary restraining order fails to establish the first requirement for temporary relief—a likelihood of success on the merits.

Plaintiff also provides no reason for his delay in filing this lawsuit. He was arrested and detained in April 2017. He filed his U visa application on December 12, 2017. Yet, he waited until the day of his deportation to file for the relief his seeks with his motion for temporary restraining order. This unexplained delay suggests that plaintiff is not facing an "immediate and irreparable injury, loss, or damage." Fed. R. Civ. P. 65(b)(1). Otherwise, he would have sought relief sooner. For all these reasons, the court denies plaintiff's Motion for Temporary Restraining Order (Doc. 3).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the plaintiff's Motion for Temporary Restraining Order (Doc. 3) is denied.

**IT IS SO ORDERED.**

4

**Dated this 2nd day of March 2018, at Topeka, Kansas.**

                **s/ Daniel D. Crabtree**
                **Daniel D. Crabtree**
                **United States District Judge**